Nott, J.,
delivered the opinion of the court:
In this case it is proved that the government compelled the plaintiffs’ steamboat, the Tallaca, to tow certain schooners, against the pro *382 test of the captain; and it is claimed that this service (for which the Tallaca was not adapted) caused the breakage of her engine. It is conceded that the breakage was not instantaneous, hut in fact occurred some days afterward.
Such a fact ordinarily cannot he shown altogether by positive testi-timony, hut must rest to some extent on the opinion of experts. In this case it rests entirely upon the opinion of the captain and engineer of the boat. It does not appear that they were machinists, nor that they had any special knowledge of steam-engines beyond the use incidental to their profession. The character of an expert must be clearly and satisfactorily established before he can be allowed to testify as such; and when the testimony of a witness is nothing more than an opinion, he should be free from the suspicion of interest, bias, or prejudice. Neither of these witnesses comply with these conditions. The claimants have not called the machinists who repaired the engine, nor any professional engineer on whose opinion as an expert the court might rely; nor have they shown that the part of the engine which was fractured was a part peculiarly liable to be affected by the strain of towing the schooners. The amount sought to be recovered is large, and the evidence is not satisfactory. As these rules relating to experts are well known, we must infer that this omission to comply with them was not an oversight of counsel, but that no such evidence was offered by the claimants, because none such exists. We therefore dismiss the petition instead of restoring -the case to the docket.
The judgment of the court is that the petition be dismissed.